UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Frederick Banks, | Civil Action No.: 6:17-cv-01648-RBH |
| Petitioner, | |
| v. | **ORDER** |
| Adrian Roe, Esquire; Mark R. Hornak; Robert Cessar, A.U.S.A.; Soo Song, U.S. Attorney; United States District Court for the Western District of Pennsylvania; S.A. Sean Langford; S.A. Robert Werner; S.A. in charge Scott Smith; Mike Pompeo; Federal Bureau of Investigation; Central Intelligence Agency; and U.S. Attorney's Office; | |
| Respondents. | |

This matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald.[1] *See* ECF Nos. 8 & 11. The Magistrate Judge recommends summarily dismissing this action without prejudice and without issuance and service of process.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Petitioner commenced this action by filing a document entitled "Complaint and for a Writ of Mandamus." *See* ECF No. 1. The Magistrate Judge recommends summarily dismissing this action because Petitioner has filed his request for mandamus relief in the wrong court. R & R at p. 3. Petitioner lodges several objections to the R & R. *See* ECF No. 11.

First, Petitioner objects to the Magistrate Judge's finding that he can seek mandamus relief only from the Third Circuit Court of Appeals, arguing he is seeking mandamus relief under 28 U.S.C. § 1361, not 28 U.S.C. § 1651. Section 1361 provides, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "The propriety of entertaining a petition for writ of mandamus in the federal system is, of course, well defined. It may be invoked only where three elements co-exist: (1) the petitioner has shown a clear right to the relief

---

[2] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available." *In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988) (discussing § 1361). Here, the Court finds Petitioner has not satisfied any of the criteria necessary for § 1361 mandamus relief. Moreover, to the extent Petitioner is seeking mandamus relief against another U.S. District Judge (from the Western District of Pennyslvania), this Court cannot grant such relief. *See Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987) ("A district court lacks authority to issue a writ of mandamus to another district court."); *see, e.g.*, *Grimes v. Joyner*, No. CV 8:17-849-JFA-JDA, 2017 WL 2562337, at *3 (D.S.C. May 8, 2017), *adopted by*, 2017 WL 2562057 (D.S.C. June 12, 2017) ("A writ of mandamus request is inappropriate in this case because this Court does not have authority to order the United States District Court for the Southern District of Florida to take any action.").

Next, Petitioner asserts his "Complaint had other plaus[i]ble claims for relief that did not sound in Mandamus" and that were not addressed by the Magistrate Judge. The Court notes Petitioner is a prolific litigant in federal district and appellate courts throughout the county. *See generally Frederick Banks v. Cocas*, 2017 WL 4020376, at *2 (N.D. Ohio Sept. 13, 2017) (noting "Banks is a well-established, multi-district, frequent filer" and compiling his hundreds of cases). Petitioner's allegations[3] in this case mirror those in other recently filed and dismissed cases.[4] Petitioner's "claims here, like his

---

[3] Petitioner alleges Respondents have intentionally delayed his criminal case in the Western District of Pennsylvania, *see United States v. Banks*, No. 2:15-cr-00168 (W.D. Pa.), such that he has now been confined for a longer time than the sentence that could be imposed if he were convicted. Petitioner has sued the presiding district court judge, the prosecutors, various FBI agents, the FBI, the U.S. Attorney's Office, the CIA, various law enforcement officials, and his attorney. Petitioner requests declaratory relief and monetary relief, and an order directing the presiding judge to expedite his criminal case.

[4] *See, e.g.*, *Banks v. Roe*, 2017 WL 4155427 (D. Mont. Sept. 19, 2017); *Banks v. Song*, 2017 WL 4102492 (N.D. Fla. Aug. 7, 2017), *adopted by*, 2017 WL 4102459 (N.D. Fla. Sept. 15, 2017); *Frederick Banks v. Cocas*, 2017 WL 4020376 (N.D. Ohio Sept. 13, 2017); *Banks v. Roe*, 2017 WL 3283867 (D. Me. Aug. 2, 2017), *adopted by*, 2017 WL 3711889 (D. Me. Aug. 28, 2017).

claims in his countless other suits filed, are either fantastical and/or delusional; procedurally flawed; substantively meritless; previously adjudicated, or all four." *Banks v. Langford*, 2017 WL 3449056, at *1 (E.D.N.C. Mar. 15, 2017), *appeal dismissed*, 692 F. App'x 144 (4th Cir. 2017). Thus, the Court dismisses Petitioner's Complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(I) and 1915A(b)(1).

Finally, Petitioner seeks leave to amend his Complaint, but he has not specified what amendments he would make; and the Court cannot identify how he could cure the defects in his frivolous pleadings. Thus, the Court will deny his request to amend as futile. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (stating a court should deny a request to amend if amendment would be futile); *see, e.g.*, *McSwain v. Jobs*, 2014 WL 12672619, at *1 (M.D.N.C. Jan. 6, 2014) ("[G]iven the preposterous and frivolous nature of [the plaintiff's] complaint, it would be a waste of limited judicial resources to give him an opportunity to amend.").

### Conclusion

For the foregoing reasons, the Court overrules Petitioner's objections, adopts and incorporates by reference the R & R [ECF No. 8], and **DISMISSES** this action *without prejudice and without issuance and service of process*.

**IT IS SO ORDERED.**


Florence, South Carolina                                                     s/ R. Bryan Harwell
October 18, 2017                                                         R. Bryan Harwell
                                                                                                  United States District Judge